in is based does not state a cause of action. See Glover v. H. P. Nelson Co., 140 N. Y. Supp. 1120, decided herewith.

GNECCO, Respondent, v. PEDERSEN, Appellant. (Supreme Court, Appellate Division, Second Department. February 14, 1913.) Action by James Gnecco against Hans P. Pedersen.

PER CURIAM. Judgment and order reversed, and new trial granted, costs to abide the event, on the ground that the verdict is against the clear weight of evidence.

HIRSCHBERG, J., dissents.

GOLDSTEIN v. GOLDSTEIN. (Supreme Court, Appellate Division, First Department. March 14, 1913.) Action by Theresa Goldstein against Alexander Goldstein. No opinion. Motion granted, unless appellant complies with terms stated in order. Order filed.

GOLLINGER et al., Appellants, v. KEATING, Respondent. (Supreme Court, Appellate Division, First Department. February 28, 1913.) Action by Juda Gollinger and another against John Keating. A. Hutter, of New York City, for appellants. J. C. Brand, of New York City, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

In re GOODMAN. (Supreme Court, Appellate Division, First Department. February 14, 1913.) In the matter of Elias B. Goodman, an attorney. No opinion. Reference ordered to official referee. Settle order on notice. See, also, 135 App. Div. 594, 120 N. Y. Supp. 801.

GOODMAN, Respondent, v. WELZ & ZERWECK, Appellant. (Supreme Court, Appellate Division, Second Department. February 21, 1913.) Action by Betty Goodman against Welz & Zerweck. No opinion. Order setting aside verdict and granting new trial affirmed, with costs. See, also, 140 N. Y. Supp. 1121.

GOODMAN, Appellant, v. WELZ & ZERWECK, Respondent. (Supreme Court, Appellate Division, Second Department. February 21, 1913.) Action by Jacob Goodman against Welz & Zerweck.

PER CURIAM. We affirmed herewith the order directing a new trial in the case of the wife. Goodman v. Welz & Zerweck, 140 N. Y. Supp. 1121. As that case and this one were tried together, and the jury in this verdict has awarded nothing to the husband for the loss of his wife's services, we think justice requires that the entire controversy should be retried. The order herein is therefore reversed, and a new trial granted, costs to abide the event.

GOODYEAR, Respondent, v. GOODYEAR, Appellant. (Supreme Court, Appellate Division, Fourth Department. March 26, 1913.) Action by Margaret Goodyear against John Goodyear. No opinion. Motion granted, and appeal dismissed, with costs.

GOODYEAR v. H. J. KOEHLER CO. (Supreme Court, Appellate Division, First Department. February 28, 1913.) Action by Frank C. Goodyear against H. J. Koehler Company. No opinion. Application granted. Order signed.

GORMAN, Respondent, v. BROOKLYN HEIGHTS R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. February 28, 1913.) Action by Ellen Gorman against the Brooklyn Heights Railroad Company.

PER CURIAM. Judgment and order affirmed, with costs.

JENKS, P. J., and CARR, J., dissent.

GORMAN v. CITY OF NEW YORK. (Supreme Court, Appellate Division, First Department. March 14, 1913.) Action by Mary Gorman against the City of New York. No opinion. Motion granted. Question Certified. Order filed. See, also, 138 N. Y. Supp. 1117.

In re GRADE CROSSING COM'RS OF CITY OF BUFFALO. (Supreme Court, Appellate Division, Fourth Department. March 19, 1913.) In the matter of the application of the Grade Crossing Commissioners of the City of Buffalo, etc., in re lands claimed to be injured by the change of grade of Fougeron and Urban streets, and claimed to be owned by the Buffalo Pitts Company and others. Proceeding No. 95. No opinion. Appeal taken by Grade Crossing Commissioners, as affecting the award made to the Buffalo Pitts Company, dismissed, without costs, upon stipulation filed.

GRANITE ASSOCIATES v. LIPPMAN REALTY CO. et al. (Supreme Court, Appellate Division, Second Department. March 14, 1913.) Action by the Granite Associates against the Lippman Realty Company and others, impleaded with E. J. McLaughlin Company. No opinion. Judgment of the County Court of Kings County affirmed, with costs. See, also, 138 N. Y. Supp. 1117.

In re GRAVEL ROAD IN TOWN OF RIDGEWAY, N. Y. (Supreme Court, Appellate Division, Fourth Department. March 5, 1913.) In the matter of the grading and macadamizing of the Gravel Road in the Town of Ridgeway, N. Y. No opinion. Motion granted, and appeal dismissed, with $10 costs.

GREEN, Appellant, v. BRADY, Respondent. (Supreme Court, Appellate Division, Second Department. February 21, 1913.) Action by Edward S. Green against Edward B. Brady. No opinion. Judgment reversed, and new trial